

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*  (973) 645-2700
*Newark, New Jersey 07102*

September 16, 2019

Samuel Braverman, Esq.
Fasulo Braverman & Di Maggio, LLP
225 Broadway, Suite 715
New York, New York 10007

*Crim. No. 19-770 (SDW)*

Re: Plea Agreement with Ankur Agarwal

Dear Mr. Braverman:

This letter sets forth the plea agreement between your client, Ankur Agarwal, and the United States Attorney for the District of New Jersey ("this Office" or the "Government"). The Government's offer to enter into this plea agreement will expire on September 17, 2019 if it is not accepted in writing by that date.

Charges

Conditioned on the understandings specified below, this Office will accept a guilty plea from Mr. Agarwal to an Information that charges him as follows:

| Count | Charge | Citation |
|---|---|---|
| Count One | Intentionally accessing a protected computer without authorization and thereby obtaining information | 18 U.S.C. §§ 1030(a)(2) and 1030(c)(2)(B)(iii) |
| Count Two | Intentionally accessing a protected computer without authorization and thereby obtaining information | 18 U.S.C. §§ 1030(a)(2) and 1030(c)(2)(B)(iii) |
| Count Three | Aggravated Identity Theft | 18 U.S.C. § 1028A(a)(1) |

If Mr. Agarwal enters a guilty plea and is sentenced on these charges and otherwise fully complies with all of the terms of this agreement, then this Office will not initiate any further criminal charges against him for the criminal conduct alleged in the Criminal Complaint (Mag. No.: 18-3580) (MF) and the

Information. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Mr. Agarwal agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Mr. Agarwal may be commenced against him, notwithstanding the expiration of the limitations period after he signs the agreement.

Sentencing

Each violation of 18 U.S.C. §§ 1030(a)(2) and 1030(c)(2)(B)(iii) to which Mr. Agarwal agrees to plead guilty in Counts One and Two carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The violation of 18 U.S.C. § 1028A to which Mr. Agarwal agrees to plead guilty in Count Three carries a statutory mandatory sentence of two years' imprisonment, which term of imprisonment cannot run concurrently with the term of imprisonment imposed under any other provision of law, including any term of imprisonment imposed for the felonies charged in Counts One and Two of the Information.

The sentence to be imposed upon Mr. Agarwal is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, Title 18, United States Code, Sections 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence he ultimately will receive.

Further, in addition to imposing any other penalty on Mr. Agarwal, the sentencing judge: (1) will order Mr. Agarwal to pay an assessment of $100 per count under Title 18, United States Code, Section 3013, which assessment must be paid by the date of sentencing; (2) must order Mr. Agarwal to pay restitution pursuant to Title 18, United States Code, Sections 3663, 3663A, and 3664 and consistent with this plea agreement; (3) must order forfeiture of the property described in Attachment B; (4) may order Mr. Agarwal, under Title 18, United States Code, Section 3555, to give notice to any victims of his

offenses; and (5) under Title 18, United States Code, Section 3583, may require Mr. Agarwal to serve a term of supervised release of not more than three years on Counts One and Two and not more than one year on Count Three, which will begin at the expiration of any term of imprisonment imposed. Should Mr. Agarwal be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, he may be sentenced to not more than two years' imprisonment on Counts One and Two and not more than 1 year imprisonment on Count Three, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Mr. Agarwal by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Mr. Agarwal's activities and relevant conduct with respect to this case.

Stipulations

This Office and Mr. Agarwal agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Mr. Agarwal from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-

sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Mr. Agarwal waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under Title 18, United States Code, Section 3742 or a motion under Title 28, United States Code, Section 2255.

Forfeiture

As part of his acceptance of responsibility, Mr. Agarwal agrees to forfeit to the United States (1) under Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i), any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of the offenses charged in Counts One and Two of the Information; and (2) under Title 18, United States Code, Section 1030(i), any property that was used or intended to be used to commit or to facilitate the commission of the offenses charged in Counts One and Two of the Information. Such property includes, but is not limited to, all of Mr. Agarwal's right, title, and interest in all the computers, media storage devices, and mobile phones listed in Schedule B to this agreement, which property was lawfully seized (the "Specific Property"). Mr. Agarwal admits that the Specific Property has the requisite nexus to the computer fraud offenses charged in Counts One and Two of the Information, and therefore the Specific Property is forfeitable to the United States of America under Title 18, United States Code, Section Sections 982(a)(2)(B) and 1030(i).

Based on the foregoing, Mr. Agarwal also consents to the entry of Preliminary Orders of Forfeiture and Interlocutory Orders of Sale as to the Specific Property under Rule 32.2(b) of the Federal Rules of Criminal Procedure. Mr. Agarwal further consents to the administrative and/or civil judicial forfeiture of the Specific Property under Title 18, United States Code, Section(s) 981 and/or 982. Mr. Agarwal agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent he has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are hereby deemed withdrawn. Mr. Agarwal further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States Marshals Service and the execution of all necessary documentation.

Mr. Agarwal waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. He understands that the forfeiture of the Specific Property, as well as any additional specific property that may be identified subsequent to the date of this agreement, is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of his assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Mr. Agarwal hereby waives any and all claims that the forfeiture constitutes an excessive fine and agrees that the forfeiture does not violate the Eighth Amendment.

If requested by this Office, Mr. Agarwal will truthfully complete and submit a Financial Disclosure Statement to the United States before sentencing. If required, Mr. Agarwal will disclose all of his assets to the United States on the Financial Disclosure Statement. Mr. Agarwal agrees that if this Office determines that he has intentionally failed to disclose assets on that Financial Disclosure Statement, that failure constitutes a material breach of this agreement. In addition, Mr. Agarwal consents to the administrative, civil, and/or criminal forfeiture of his interests in any assets that he failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that Mr. Agarwal own or in which he has an interest be discovered, Mr. Agarwal knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. Mr. Agarwal further agrees to execute any documents necessary to effectuate the forfeiture of said assets. In addition, Mr. Agarwal agrees to submit to a recorded deposition under oath regarding the sources of funds paid to him, directly or indirectly, and their disposition, if requested by this Office.

Restitution

Under Title 18, United States Code, Sections 3663 and 3663A, Mr. Agarwal agrees to make full restitution for all losses resulting from the offenses of conviction, scheme, or pattern of criminal activity underlying his offenses, to the victims of his offenses in such amounts as determined by the Court at sentencing.

Polygraph

      Mr. Agarwal agrees that, at the request of the United States, he will voluntarily submit to polygraph examinations to be conducted by a polygraph examiner of the United States' choice. The parties agree that the results of any polygraph may be disclosed to the United States Probation Office and the Court. Mr. Agarwal further agrees that the United States may, at its discretion, share the results of any polygraph with the victim companies referenced in the Information. This requirement to submit to polygraph examinations terminates once the Court imposes sentence and issues a judgment of conviction. *See* Fed. R. Crim. P. 32(k).

Immigration Consequences

      Mr. Agarwal understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Mr. Agarwal understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Mr. Agarwal wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Mr. Agarwal understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Mr. Agarwal waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Mr. Agarwal. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Mr. Agarwal.

No provision of this agreement shall preclude Mr. Agarwal from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Mr. Agarwal received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Mr. Agarwal and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: Matthew F. Nikic
    Anthony Moscato
    Assistant U.S. Attorneys

APPROVED:

_____
Rahul Agarwal
Deputy Chief, Criminal Division

I have received this letter from my attorney, Samuel Braverman, Esq. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, forfeiture, waiver, restitution, polygraph, and immigration consequences. I fully understand this letter. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date: 10/22/2019
Ankur Agarwal

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, forfeiture, waiver, restitution, polygraph, and immigration consequences. My client fully understands this plea agreement and wants to plead guilty pursuant to it.

_____     Date: 12/22/19
Samuel Braverman, Esq.

Plea Agreement with Ankur Agarwal

Schedule A

1. This Office and Mr. Agarwal agree to stipulate to the following:

 a. The parties reserve the right to take any position with respect to loss amount at sentencing.

 b. The offenses involved sophisticated means, and Mr. Agarwal intentionally engaged in and caused the conduct constituting sophisticated means.

 c. It is the Government's position that Mr. Agarwal intended to obtain and obtained personal information from protected computers. It is Mr. Agarwal's position that he did not intend to obtain personal information from protected computers.

 d. Mr. Agarwal's offense involved a computer system used to maintain or operate a critical infrastructure.

 e. It is the Government's position that Mr. Agarwal's offense involved the production of an unauthorized access device or authentication feature. It is Mr. Agarwal's position that he did not produce an unauthorized access device or authentication feature.

 f. Mr. Agarwal knowingly transferred, possessed, and used, without lawful authority, the means of identification of another person during and in relation to his commission of the offenses described in Counts One and Two of the Information.

 g. As of the date of this letter, Mr. Agarwal has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged, and he has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently.

2. In exchange for the undertakings made by the Government in entering this plea agreement, if the sentencing judge accepts the stipulations in Paragraph 1a through 1f, Mr. Agarwal voluntarily and expressly waives all right to appeal or collaterally attack his conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack

arises under Title 18, United States Code, Section 3742 or Title 28, United States Code, Sections 1291 or 2255, or any other provision of law. Notwithstanding this waiver provisions, the parties reserve any right they may have under Title 18, United States Code, Section 3742 to challenge any aspect of the sentence that falls outside of any applicable statutory minimum or maximum term of imprisonment, term of supervised release, or fine. The parties also reserve any right they may have under Title 18, Unites States Code, Section 3742 to appeal the sentencing court's determination of the criminal history category. Furthermore, if the sentencing court accepts the factual stipulations set forth above, the United States waives the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

     3.    As of the date of this letter, Mr. Agarwal has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Mr. Agarwal's offense level if the following conditions are met: (a) he enters a plea pursuant to this agreement; (b) this Office in its discretion determines that his acceptance of responsibility has continued through the date of sentencing and he therefore qualifies for a 2-point reduction for acceptance of responsibility; and (c) his offense level under the Guidelines before the operation of § 3E1.1(a) is 16 or greater.

     4.    To the extent that the parties do not stipulate to a particular fact or legal conclusion, each party reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Except as otherwise set forth in this agreement, each party reserves the right to argue for any lawful sentence.

Attachment B

| Item # | Make/Model/Description | Serial Number / Identifier |
|---|---|---|
| 1 | Western Digital My Book external hard drive | WX11DB5NE0HH |
| 2 | Western Digital My Book external hard drive (enclosure only) | N/A |
| 3 | Dark green rain jacket | N/A |
| 4 | Western Digital My Passport Ultra external hard drive with power cord | WXJ1AA5001VX |
| 5 | Dell Latitude E6430 laptop computer with power cord and cordless mouse | 9CGMJX1 |
| 6 | Black USB keylogger | N/A |
| 7 | Western Digital external hard drive | VLH3U53Y |
| 8 | Dell Latitude D630 laptop computer and power cord with Logitech wireless USB Bluetooth transmitter | DNWDDF1 |
| 9 | Miscellaneous technical notes and Office Depot notepad | N/A |
| 10 | Nokia Microsoft RM1030 XL cellphone with power cord | 740485700 |
| 11 | Samsung Verizon 4G LTE cellphone | 99000023037066 |
| 12 | Acer Aspire 5742 laptop computer | LXR4F02002034465461601 |
| 13 | iomega Screenplay SPMCAHD hard drive | 83AJ32011X |
| 14 | Red National brand record notebook | N/A |
| 15 | 3.5" Sony floppy disk | DEA B2405A |
| 16 | Staples 3 subject notebook | N/A |
| 17 | Five CD-R disks containing SafeGuard recovery and backup data | N/A |
| 18 | Power Spec external portable hard drive | V627361 |
| 19 | Western Digital WD5000C032 external portable drive | WCAPW0003145 |
| 20 | Toshiba 2 TB portable hard drive | 14SATEGFT18B |
| 21 | Western Digital 2217Q external portable drive | VK0EL3XY |
| 22 | Dell E725 laptop computer | PKRNVWE725 |
| 23 | EP Memory 1.0 GB SD card | N/A |
| 24 | Cruzer Mini 1.0 GB flash drive | N/A |
| 25 | Silver Dell GWZ8RW1 laptop computer with power cord | 637230991978 |

| Item # | Make/Model/Description | Serial Number / Identifier |
|---|---|---|
| 26 | Hewlett Packard 840G1 laptop computer (refurbished) with blue Ethernet cable | CNU409F0XD |
| 27 | USB keylogger | N/A |
| 28 | Black thumb drive with circle imprint | N/A |
| 29 | White CR203 2.0 thumb drive with "UBON" printed on it | N/A |
| 30 | Silver thumb drive with "Gemalto" and "Security to be Free" printed on it | N/A |
| 31 | Swipe card C-847930; AT&T tenant card in the name of Shashi Agarwal; AT&T contractor card in the name of Ankur Agarwal; Swipe card C0930024; Swipe card PP- 00878858 | N/A |
| 32 | Samsung Galaxy S4 SGH-I337 cellphone with black Otter Box case | IMEI: 359721051256459 |
| 33 | Samsung Galaxy Note 4 SM-N910V cellphone with Neo Hybrid black/silver case | IMEI: 990004812971194 |
| 34 | Silver thumb drive | N/A |
| 35 | Black and red notebook with "Record" on spine | N/A |
| 36 | Two power adapters | N/A |
| 37 | Samsung Galaxy S4 SCH-I545UD cellphone with blue and black case | IMEI: 990004510333960 |