

Louis V. Fasulo, Esq.– NY & NJ
Samuel M. Braverman, Esq.– NY & NJ
Charles Di Maggio, Esq.– NY & MA

www.FBDMLaw.com
SBraverlaw@fbdmlaw.com

June 15, 2020

Hon. Susan D. Wigenton
United States District Judge
Rev. Dr. Martin Luthor King United States Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re:   *United States v. Ankur Agarwal*
Dkt.:  19 Cr 770

Dear Judge Wigenton:

  With the apologies of the defense, I submit this *amended* consent order to the Court and ask that the proposed consent order filed this morning be disregarded. The difference is the deletion of the last clause of Paragraph 3-PTS will *not* share the information with either the Government or the defendant.

  I write to the Court to respectfully request, on consent of the parties, a modification of Mr. Agarwal's bond condition as follows:

  Mr. Agarwal's original conditions of release included, *inter alia*, a condition that he not have access to the internet. Mr. Agarwal is the primary caregiver for his children and his mother, and he supervises the family's finances. As the Court is no doubt aware, most of an individual's financial, health, and shopping activities take place over the internet. With the current pandemic, travel restrictions, stores and schools closed, the internet is a more necessary tool than ever before.

  Therefore, I have proposed to the Government and Pre-trial services that Mr. Agarwal be allowed to have access to the internet ONLY under the following conditions:

1. The defendant is not permitted to access any websites that are not on the list of websites that has been pre-approved by Pretrial Services and the Government;

2. The defendant is prohibited from accessing any of the following:

a. Accounts or features that allow electronic communications (e.g. email, video and text messaging/chats, blogs, message boards, etc.), other than customer-service features on the list of approved websites;
b. Virtual Private Network (VPN) features or VPN services;
c. Private hosting and/or virtual private hosting servers and services;
d. Proxy or TOR features and services;
e. Anonymizers, tools, services, or techniques to hide, alter or obfuscate your internet protocol address or intended destination; and
f. Any other feature of the website that is not intended or that is not advertised as available to the public.  Furthermore, the defendant may not utilize any internet connection or internet/network connected device that is not subject to the monitoring conditions, whether it be to access the aforementioned list of websites or otherwise, the defendant may not use any other Internet connected devices;

3. The defendant may use only one Windows based computer to be his connection to the internet, and that computer will have a PTS installed key-logger capability that will record every key stroke entered onto the computer and every website accessed by the defendant, as well as other monitoring features; the data collected by the monitoring tools will be reviewed by PTS to confirm that the defendant is in compliance with this order;

4. The following websites are the exclusive list of authorized websites that the defendant may visit by authority of this order:

> HEALTH
> alliancerxwp.com
> healow.com
> atlantichealth.org
> horizonblue.com
> healthcare.gov
> healthwellfoundation.org
>
> FINANCE
> irs.gov
> nj.gov
> bankofamerica.com
> wellsfargo.com
> shareowneronline.com
> fidelity.com
> schwab.com
> troweprice.com
> vanguard.com
> learningquest.com
> sbli.com
> mysbli.com

      ssa.gov
      venmo.com-
      paypal.com-

**HOME UTILITIES AND SERVICES**
firstenergycorp.com
njng.com
greatcall.com
optimum.com
geico.com
e-zpassny.com
shoprite.com
costco.com

**KIDS SCHOOL**
montville.net

**HOME SECURITY SYSTEM**
adt.com
adtpulse.com
myadt.com

5. Pretrial Services shall have the authority to modify this list to approve or disallow additional internet access with the consent and approval of the Government.

6. Defendant is subject to computer/internet restrictions which include installation of computer monitoring software and manual inspections as deemed appropriate by Pretrial Services. The defendant shall pay all or part of the cost of monitoring software based upon his ability to pay as determined by Pretrial Services.

7. Any failure by the defendant to be in compliance with this order shall be brought to the attention of the Court and may result in the immediate revocation of this order.

    I have spoken with AUSA Matthew Nikic, and Kelly Fernandes and Vincent Imbrosciano of Pre-trial Services, and all the above consent to this request subject to the above conditions, and subject to Pretrial services' other standard conditions that limit Internet usage and require monitoring. The Government advises that its consent to the request is based upon Agarwal's inability to access important services in person due to Covid-19, and it reserves the right to seek a revocation upon the first violation of any condition.

    I thank the Court for its consideration.

                                Respectfully submitted,

                                                                      Samuel M. Braverman, Esq.
                                                                      Fasulo Braverman & Di Maggio, LLP
                                                                      225 Broadway, Suite 715
                                                                      New York, New York 10007
                                                                      Tel. 212-566-6213

Cc:    AUSA Matthew Nikic
         Kelly Fernandes, Supervisory U.S. Pretrial Services Officer
         Vincent Imbrosciano, U.S. Pretrial Services Officer

**225 Broadway, Suite 715**         **505 Eighth Avenue, Suite 300**         **Post Office Box 127**
**New York, New York 10007**         **New York, New York 10018**         **Tenafly, New Jersey 07670**
**Tel (212) 566-6213**         **Tel (212) 967-0352**         **Tel (201) 569-1595**
**Fax (212) 566-8165**         **Fax (201) 596-2724**         **Fax (201) 596-2724**