

**U.S. Department of Justice**

United States Attorney
District of New Jersey

---

*PHILIP R. SELLINGER*
*UNITED STATES ATTORNEY*

*Jordan M. Anger*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*
*jordan.anger@usdoj.gov*

main: (973) 645-2700
direct: (973) 645-2829
fax:   (973) 645-3210

March 16, 2022

**VIA ECF**

The Honorable Susan D. Wigenton
United States District Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re: *United States v. Ankur Agarwal*
Criminal Number: 19-770 (SDW)

Dear Judge Wigenton:

I am an Assistant United States Attorney assigned to the Asset Recovery and Money Laundering Unit. I am responsible for the enforcement and collection of the Special Assessment and Fine that was ordered in the above-referenced case. The United States respectfully submits this Letter Motion and proposed Turnover Order allowing for approximately $1,429.11, currently held in Defendant's Bureau of Prisons (BOP) Inmate Trust Account, to be turned over to the Clerk of Court and applied against the Fine that is due in this matter.

By way of background, pursuant to Defendant Ankur Agarwal's Judgement in a Criminal Case, dated: September 3, 2020, Defendant was ordered to pay a Special Assessment in the amount of $300.00 and a Fine in the amount of $25,000.00 (plus interest) for a totaled debt of $25,300.00. The Court ordered that the Special Assessment and Fine were "due immediately." The Court further ordered that the Fine was to be paid in full by October 3, 2020 (ECF# 50 at 1 and 7). As of October 3, 2020, the Defendant's fine remained unpaid.

On November 18, 2020, Defendant filed a Motion in which the Defendant requested that he be allowed to pay his Fine through five annual payments of $5,000.00 each. Those Fine payments were to commence on February 1, 2021 (ECF# 58). On November 19, 2020, the Court granted the Defendant's motion and ordered

that Defendant's Judgement be amended to allow the Defendant to make five equal annual Fine payments of $5,000.00, commencing on February 1, 2021 (ECF# 59).

As of March 8, 2022, the Defendant's Fine remained unpaid and the Defendant's outstanding Fine debt balance was approximately $24,951.39. A review of the Defendant's debt payments disclosed that his Special Assessment debt of $300,00 was paid in full on October 26, 2020, which was prior to the Defendant's Motion of November 18, 2020. The defendant's Fine payments were made on or about, as follows: April 12, 2021 ($25.00); August 16, 2021 ($25.00); October 28, 2021 ($25.00); and January 24, 2022 ($25.00), resulting in total Fine payments of $100.00.

In view of this Defendant's failure to comply with his November 19, 2020 Amended Judgement (ECF# 59), which had required the Defendant to make Fine payments of $5,000.00 on both February 1, 2021 and February 1, 2022, this office has deemed it necessary to seek instant Letter Motion and proposed Turnover Order to the BOP for the contents of this Defendant's Inmate Trust Account.

The United States submits that the requested relief is reasonable and appropriate in this instance where the Defendant has failed to make two $5,000.00 Fine payments are required by his Amended Judgement of November 19, 2020 (ECF# 59) and also because this Defendant has accumulated significant funds in his BOP Inmate Trust Account (also known as: Inmate Commissary Account). Without this relief, the BOP will be required to allow the Defendant access to those funds. That would allow the Defendant the opportunity to possibly dissipate, conceal or transfer the fund, without first paying his court ordered Fine.

The Defendant remains in the custody of the BOP and is assigned to the Federal Correctional Institution – Fort Dix at Joint Base MDL, New Jersey. The Defendant has BOP Register Number: 71563-050. The Defendant is scheduled to remain in the custody of the BOP until August 13, 2027. The Defendant has a BOP Inmate Trust Account with a balance of approximately $1,429.11 as of March 8, 2022. The United States will apply $1,429.11 or whatever balance remains in the Defendant's BOP Inmate Trust Account, at the time of turnover to be applied against the Defendant's outstanding Fine debt.

The United States has served the Defendant with a copy of this Letter Motion and the attached proposed Turnover Order. The Defendant may object to the United States' intended use of his property. The United States is not aware of any other party, who may claim an interest in the property.

The United States submits the enclosed proposed Turnover Order directing that:

1. The BOP remit $1,429.11 or the then-current balance contained in the Defendant's BOP Inmate Trust Account to the Clerk of Court to be applied against the Defendant's outstanding Fine debt; and

2. That the Defendant's Fine debt be credited with the foregoing payment.

Pursuant to 18 U.S.C. § 3613:

> The United States may enforce a judgment imposing a fine [or restitution] in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law . . . a judgment imposing a fine may be enforced against all property or rights to property of the person fined . . . .

Under 18 U.S.C. § 3664(n): "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed". Numerous courts have granted turnover motions under Section 3664(n) in cases where funds were amassed in inmate trust accounts absent a windfall. *See, e.g., United States v. Rand*, 924 F.3d 140, 141 (7th Cir. 2019) (accepting argument that approximately $2,300.27 amassed in inmate trust account was "substantial resource" requiring turnover); *United States v. Lemberger*, 673 Fed. App'x 579, 579-80 (7th Cir. 2017) (government's Section 3664(n) turnover request was lawful since defendant was " 'a person obligated to pay restitution' who had a 'substantial' sum in his inmate trust account" in the form of $4,650); *United States v. Norwood*, 2020 WL 773065, at *4 (D.N.J. Feb. 18, 2020) (granting government's turnover motion because of "substantial resources" of $5,931.40 in defendant's inmate account); *United States v. Brown*, 2017 WL 3493021, at *3 (S.D. Ill. Aug. 15, 2017) (finding approximately $4,500 in inmate account was "substantial resource" and granting motion to turn over $4,060 from the account); *United States v. Hester*, 2016 WL 1007335, at *2, 3 (S.D. Cal. Mar. 14, 2016) (granting turnover motion under Section 3664(n) when balance in defendant's account was $12,639.30 after years of regular transfers between $100-$300 from Western Union or money grams into Hester's account).

In this case, the Defendant is scheduled to be incarcerated until 2027. His current (as of March 8, 2022) BOP Inmate Trust Account balance of $1,429.11 is likely to be the most substantial sum of money that the Defendant will have to apply to his outstanding Fine debt for many years.

Based on the foregoing, the United States respectfully requests that the Court enter the proposed Turnover Order, so that $1,429.11 or the then current balance contained in the Defendant's BOP Inmate Trust Account, can be applied against the Defendant's Fine obligation previously imposed by the Court.

    Respectfully submitted,

    PHILIP R. SELLINGER
    United States Attorney

By:   *s/ Jordan M. Anger*
    JORDAN M. ANGER
    Assistant United States Attorney

Enclosure

4

CERTIFICATE OF MAILING

I hereby certify that on March 16, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Samuel M. Braverman.

In addition, I hereby certify that these documents were mailed, via Certified Mail, to the following non-CM/ECF participant:

Defendant:
Ankur Agarwal
Register Number: 71563-050
FCI-Fort Dix
P.O. Box 2000
Joint Base MDL, New Jersey 08640

                By:    *s/ Jordan M. Anger*
                         JORDAN M. ANGER
                         Assistant United States Attorney