UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2022 APR 26  P 2:21

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NUMBER: |
| v. | 2:19-cr-00770-SDW |
| ANKUR AGARWAL, | RESPONSE |
| DEFENDANT, pro se | |

Hon. Judge Susan D. Wigenton:

Ankur Agarwal files a pro-se response to the Government motion for proposed turnover of inmate's trust account. Additionally, Mr. Agarwal respectfully submits this motion to release the encumbrance currently imposed on the inmate trust account. Lastly, Mr. Agarwal seeks to reverse the fine ordered by the court due to change in economic circumstances.

Mr. Agarwal objects for the following reasons:

(1)  Compliance with court-ordered schedule of payment
(2)  Deprivation from effective attorney-client communication
(3)  No basis to compel payment

A.  Background

The original sentence ordered criminal fine "due immediately" (Doc. #50). Subsequently, Mr. Agarwal filed a motion to alter payment over time (Doc. #58). He sought relief from immediate payment due to an impending appeal. Mr. Agarwal had been saving his money. But it was not possible to anticipate the cost of Third Circuit Appeal in advance. Consequently, the court amended the sentence. The court granted schedule of payments consisting of five installments of $5000 annually commencing February 1, 2021.

B. Objections

(1) Compliance with schedule of payments

As of April 4, 2022, Mr. Agarwal's payment follow the schedule of payments determined by the judgment (Doc. #59). Mr. Agarwal's fine payments come from two sources: BoP inmate financial responsibility program (FRP) and US Courts pay.gov system. BoP FRP payments were made as follows according to the inmate trust fund ledger: Mar 10, 2022 ($25.00); December 10, 2021 ($25.00); September 10, 2021 ($25.00); June 10, 2021 ($25.00); and

March 10, 2021 ($25.00), for total fine payments of $125.00. pay.gov payments were made as follows (receipt attached): April 3, 2022 ($10,000.00). The total fine payments results to $10,150.

The pay.gov April 3rd payment brings the payments into compliance. In the past, Mr. Agarwal has made payments over the phone (Special Penalty Assessment payment of $300.00 was over the phone on October 28, 2020). On January 1, 2021, the US Courts Finance Department changed policy to no longer accept phone payments. Mr. Agarwal was not aware of the change in policy. No notice had been given by BoP or US Courts. He discovered the change after being spurred into action by the Government motion. Only 2 payment methods were permitted: (1) pay.gov online, (2) mailing to Clerk US District Court. Mr. Agarwal did not have the ability to use either method due to being incarcerated. He made alternate arrangements resulting in $10,000.00 April 3rd payment.

(2) Deprivation of legal communications

Mr. Agarwal currently has an appeal proceeding in the Third Circuit Court of Appeals (Docket 20-2890). Mr. Agarwal relies upon TruLincs BoP resources for communication with his attorney including: (1) public messaging and (2) telephone. Ignoring the BoP's monitoring and recording of these legal communications, there is also the issue of funding. These TruLincs resources are not free of charge. Although there is no limit to the amount of funds one can transfer in his TruLincs account, the transfer cannot be done without first releasing the encumbrance on the inmate trust account. It must be emphasized this is not a potential deprivation -- Mr. Agarwal's account has been encumbered since March 16 -- and zero funds are available. The encumbrance also creates a deprivation of ancillary legal communication such as copying and mailing. Copier cards and postage stamps are sold from the commissary. Unlike TruLincs, there are purchase limits on commissary -- limited to 3 copier cards and 1 book of stamps. These limits are easily consumed within the span of a week. Nor does the commissary extend credit to the inmate even if he demonstrates a clear need for legal copying and mailing. The encumbrance has caused Mr. Agarwal lost ability to message and mail his attorney. His attorney can still pay him a visit on-site at FCI Ft. Dix, but that is not an effective mode of communication when legal deadlines are imminent, withstanding approval procedures required for a legal visits. Each day the encumbrance remains in place, his legal communications are deprived.

(3) No basis to compel payment

Compelling a payment beyond the payments required by the schedule of payments would run afoul of the court judgment. Awarding the Government "$1429.11 or whatever balance remains in the the defendant BoP trust account, at the time of turnover" (Gov't motion,

Page 2) would exceed the schedule to date. It would also be inconsistent with the reason of the existence of the amended sentence (Doc. #59). The court changed the time and method of payment from "due immediately" to installments to give relief in light of Mr. Agarwal's prospective Third Circuit Appeal legal fees. Draining $25000 immediately, instead of slowly and steadily in equal installments, would cause a shortfall in Mr. Agarwal's savings. It would be unfair to drain the savings when imminent legal bills exist. Installments lessen the burden as the drain is spread over 5 years. Mr. Agarwal recapitulates prior considerations to remind the reason for the existence of the amended sentence. To be consistent with the amended sentence, no more than 2 installment payments are required at the current moment in time (April 15, 2022). Thus, Mr. Agarwal says there is no basis to compel payment.

C. Reversal of fine

When the sentence was ordered on September 3, 2020, Mr. Agarwal was saving money for appeal. The financial burden of the appeal has weighed substantially. There are other obligations which Mr. Agarwal has on the horizon due to his family being financially dependent upon him. He has had to draw on savings for child education and care for elderly mom. In the meantime, his economic circumstance changed substantially. He has no income, has depleted savings, and has taken on debt. He were to be released from prison today, he would still be lagging behind on the obligations. Due to the change in economic circumstances, Mr. Agarwal requests the court to order reversal of the fine.

D. Conclusion

Mr. Agarwal has not had a chance to consult with the Government prior to his response. He would take the opportunity to respectfully request the Government to withdraw its motion. Nevertheless, Mr. Agarwal deems it an urgent issue which the court should decide upon without further deliberation. Mr. Agarwal respectfully requests the court release the encumbrance of $1429.11 or whatever balance is encumbered. If the BoP has already withdrawn the funds, Mr. Agarwal respectfully requests reversal of the withdrawal. He requests the court direct the concerned organization to return any funds received from the BoP, to the BoP, so they maybe deposited back into Mr. Agarwal's inmate trust account. He also requests the court to order reversal of the fine and refund any amounts received.

Respectfully submitted,

*[signature]*
Ankur Agarwal
Reg. #71563-050
FCI Ft. Dix Satellite Camp
PO Box 2000
Joint Base MDL, NJ 08640

Date: April 15, 2022

Enclosure:
pay.gov receipt

Certificate of Service

Court Clerk
United States District Court
District of New Jersey
Martin Luther King, Jr.
Federal Bldg and US Courthouse
50 Walnut Street
Room 4015
Newark, New Jersey 07102

Certified Mail Number:
7019 0700 0001 1873 4996

US Attorney's Office
Jordan M. Anger, AUSA
970 Broad Street
Suite 700
Newark, New Jersey 07102

Respectfully submitted

Ankur Agarwal
Date: April 15, 2022

| | |
|---|---|
| **From:** | notification@pay.gov |
| **Sent:** | Sunday, April 3, 2022 8:21 PM |
| **To:** | NJD_Online_Court_Ordered_Payments |
| **Subject:** | Pay.gov Form Submission Notification: NJD Court Ordered Payments |

**CAUTION - EXTERNAL:**

An official email of the United States government

A form has been successfully submitted on Pay.gov for:

Application Name: NJD Court Ordered Payments
Form Name: USDC of New Jersey Court Ordered Payment
Pay.gov Tracking ID: 26VI2ST7
Transaction Date: 04/03/2022 08:20:39 PM EDT
Transaction Amount: $10,000.00

Case Number: 19-00770-sdw
Defendant Type: Individual
Defendant Name: Ankur Agarwal
Payer's Name: Ankur Agarwal
Payer's Address, City, State, Zip: 500 westover dr, Pmb 17809, Sanford, NC 27330
Payer's Telephone: Mobile - (347) 782-1551
Payer's Email: pay.gov@ankuragarwal.com

If you have any questions or concerns regarding this form submission, please contact Pay.gov Customer Service by phone at 800-624-1373 or by email at pay.gov.clev@clev.frb.org.

THIS IS AN AUTOMATED MESSAGE. PLEASE DO NOT REPLY.

Pay.gov is a program of the U.S. Department of the Treasury, Bureau of the Fiscal Service

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

1