

**U.S. Department of Justice**

United States Attorney

District of New Jersey

---

PHILIP SELLINGER  
UNITED STATES ATTORNEY

*970 Broad Street, Suite 700*  
*Newark, New Jersey 07102*  
*jordan.anger@usdoj.gov*

*main: (973) 645-2700*  
*direct: (973) 645-2829*  
*fax:    (973) 645-3210*

*Jordan M. Anger*  
*Assistant United States Attorney*

May 18, 2022

**VIA ECF**

The Honorable Susan D. Wigenton  
United States District Judge  
Martin Luther King Building & U.S. Courthouse  
50 Walnut Street  
Newark, New Jersey 07101

      Re: *United States v. Ankur Agarwal,*  
        Criminal Number: 19-00770 (SDW)

Dear Judge Wigenton:

  I am an Assistant United States Attorney assigned to the Asset Recovery Money Laundering Unit and I am responsible for the enforcement and collection of the Special Assessment and Fine that was ordered in the above-referenced case. The United States respectfully submits this letter in response to Defendant Ankur Agarwal's Response to the Government's Motion for a Turnover Order (ECF #69), dated April 15, 2022 (ECF #71).[1] The Government views Defendant's response as a motion for reconsideration because the Court has already granted the United States' motion. *See* ECF #70 (dated April 18, 2022).

  By way of background, pursuant to Defendant Ankur Agarwal's Judgement in a Criminal Case, dated September 3, 2020, Defendant was ordered to pay a Special Assessment in the amount of $300.00 and a Fine in the amount of $25,000.00 (plus interest) for a totaled debt of $25,300.00. The Court ordered that the Special Assessment and Fine were "due immediately." The Court further ordered that the Fine was to be paid in full by October 3, 2020 (ECF# 50 at 1 and 7). As of October 3, 2020, the Defendant's fine remained unpaid.

---

[1]   The ECF filing date was April 26, 2022.

On November 18, 2020, Defendant filed a Motion in which he requested that he be allowed to pay his fine through five annual payments of $5,000.00 each. Those fine payments were to commence on February 1, 2021 (ECF# 58). On November 19, 2020, the Court granted the Defendant's motion and ordered

On February 1, 2021, the date Defendant's first $5,000 payment was due, no payment was made. Similarly, Defendant failed to make the second scheduled payment on February 1, 2022. As a result, when the Government filed its motion for a turnover order on March 16, 2022, the Defendant was over 13 months and two payments in arrears with the amended judgment payment schedule that he requested.

On April 3, 2022, after the United States filed its motion, Defendant made a payment of $10,000 – presumptively making up for the two $5,000 payments he missed – but did not notify either the Government or the Court of this change in status until writing his response nearly two weeks later.

Defendant's opposition to the turnover is premised upon the argument that there was no need to turnover his BOP Trust Account funds because he is compliance with his payment schedule.² Specifically, Defendant argues that "[a]s of April 4, 2022, Mr. Agarwal's payment follow (sic.) the schedule of payments determined by the judgment (Doc. #59)." ECF #71 at 1. Therefore, the argument continues, "[c]ompelling as payment beyond the payments required by the schedule of payments would run afoul of the court judgment." *Id.* at 2.

---

² In his submission, Defendant also asks the Court to reverse the fine based on a change in economic circumstances. To the extent that Mr. Agarwal's request constitutes a motion to reduce or cancel the fine based on changed economic circumstances, the Government observes that the applicable statutory framework does not permit him to make such a motion. *See United States* v. *Seale*, 20 F.3d 1279, 1286 n.8 (3d Cir. 1994) (observing that under a previous version of 18 U.S.C. § 3573, a criminal defendant could "petition the court to remit or modify a fine upon demonstrating that he or she had made a good faith effort to comply and that changed circumstances had rendered the fine unwarranted," but following an amendment, the statute "permits only the government to petition for modification or remission of a fine, and only upon the basis of administrative efficacy"); *United States* v. *Wynn*, 328 F. App'x 826, 828 (3d Cir. 2009) (unpublished) ("Only the government may petition for modification or remission of a fine upon a showing that reasonable efforts to collect a fine or assessment were not likely to be effective . . . . But, where the judgment permits payments in installments, the statute authorizes a district court to *reschedule* a fine payment due to a change in economic circumstances.") (internal citations omitted) (emphasis added).

2

This argument plainly ignores the fact that at the time the Government filed its motion, Defendant had missed his first two scheduled payments, was $10,000 in arrears and was over 13 months late. In fact, Defendant even admits that his decision to make the payments was "spurred into action by the Government motion." *Id.*

As a result, it is undisputed that Defendant was not in compliance with the payment schedule at the time of the filing of the Government's motion. Further, the Government made no effect to conceal the amended payment schedule, specifically referencing it and Defendant's failure to comply in the original motion papers. *See* ECF #68 at 1-2. Going forward, assuming that Defendant complies with the amended payment schedule, the Government will not seek any additional turnover orders.

Based on the foregoing, the United States respectfully requests that the Court reject Defendant's opposition to the Government's Motion for a Turnover Order.

                          Respectfully submitted,

                          PHILIP SELLINGER
                          United States Attorney

By:   *s/ Jordan M. Anger*
        JORDAN M. ANGER
        Assistant United States Attorney

CERTIFICATE OF MAILING

I hereby certify that on May 18, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Samuel M. Braverman

In addition, I hereby certify that these documents were mailed, via Certified Mail, to the following non-CM/ECF participant:

Defendant:
Ankur Agarwal
Register Number: 71563-050
Federal Correctional Institution – Fort Dix Satellite Camp
P.O. Box 2000
Joint Base MDL, New Jersey 08640

By: _s/ Jordan M. Anger_
JORDAN M. ANGER
Assistant United States Attorney