<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

May 27, 2022

Ankur Agarwal
Register No. 71563-050
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640
*Defendant*

Jordan Anger, Esq.
United States Attorney's Office
970 Broad Street, 7th Fl.
Newark, NJ 07102
*Counsel for Plaintiff*

## <u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u>

  Re: United States v. Ankur Agarwal, Crim. No. 19-770 (SDW)

Litigants:

  Before this Court is Defendant Ankur Agarwal's ("Defendant") opposition (D.E. 71)[1] to the Government's Motion for Turnover of Funds (D.E. 68). Because this Court granted the Government's turnover motion on April 18, 2022, (D.E. 70), this Court will treat Defendant's opposition as a Motion for Reconsideration under L. Civ. R. 7.1(i). This Court having considered the parties' submissions,[2] and for the reasons discussed below, denies Defendant's motion.

## **<u>DISCUSSION</u>**

A.

  On September 3, 2020, following a guilty plea, this Court entered a judgment against Defendant for aggravated identity theft and violations of the Computer Fraud and Abuse Act.

---

[1] Although Defendant is represented by counsel, he filed his opposition brief *pro se*.

[2] The Government submitted a response to Defendant's opposition brief on May 18, 2022. (D.E. 72.)

(D.E. 50 at 1.) As part of its judgment, this Court ordered Defendant to pay a Special Assessment of $300.00 and a Fine of $25,000.00 plus interest, due immediately. (*Id.* at 1, 7.) On November 19, 2020, upon Defendant's motion, this Court amended the judgment to allow Defendant to make five annual Fine payments of $5,000.00, commencing on February 1, 2021. (D.E. 59.)[3]

Defendant is currently incarcerated at Federal Correctional Institution – Fort Dix at Joint Base MDL, New Jersey, where he has a Bureau of Prisons ("BOP") Inmate Trust Account. (D.E. 68 at 2.)[4] As of March 8, 2022, Defendant's Fine balance was approximately $24,951.39, and he had failed to make the $5,000 payments that were due on February 1, 2021, and February 1, 2022. (*Id.*) At the same time, Defendant's Inmate Trust Account had a balance of approximately $1,429.11. (*Id.*) By motion on March 16, 2022, the Government sought the turnover of these funds, to be applied against Defendant's Fine balance. (*Id.* at 1.) As Defendant did not file a timely opposition brief, this Court granted the Government's motion on April 18, 2022. (D.E. 70.) Defendant subsequently filed an opposition brief on April 26, 2022, notifying this Court and the Government that he had made a $10,000 payment on April 3, 2022. (D.E. 71.)[5] As discussed above, this Court will treat the opposition brief as a Motion for Reconsideration.

B.

A party moving for reconsideration must file its motion within fourteen (14) days "after the entry of the order or judgment on the original motion" and set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." L. Civ. R. 7.1(i). A motion for reconsideration is "an extremely limited procedural vehicle" which is to be granted "sparingly." *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000) (citations omitted); *Sch. Specialty, Inc. v. Ferrentino*, Civ. No. 14-4507, 2015 WL 4602995, at *2 (D.N.J. July 30, 2015) (citations omitted). Motions to reconsider are only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Mere disagreement with a court's decision is not an appropriate basis upon which to bring a motion for reconsideration as such disagreement should "be raised through the appellate process." *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

C.

"The United States may enforce a judgment imposing a fine [or restitution] in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). "Notwithstanding any other Federal law . . . , a judgment imposing a fine may be enforced against all property or rights to property of the person fined . . . ."

---

[3] Defendant paid his Special Assessment before this Court amended its judgment. (*See* D.E. 68 at 2.)

[4] A BOP Inmate Trust Account (*i.e.*, a commissary account) maintains an inmate's money while he is incarcerated, including money received from prison employment and outside sources. *See* 28 C.F.R. §§ 506.1, 545.

[5] Defendant's opposition brief is dated April 15, 2022. (D.E. 71 at 4.) However, it was only received by this Court on April 26, 2022. (*Id.* at 1.)

*Id.* Such a fine or restitution order creates "a lien in favor of the United States" on all such property and property rights and "arises on the entry of judgment." *Id.* § 3613(c). "If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source . . . during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n).

In his submission, Defendant raises three arguments against the turnover of his funds: (1) he paid his missed payments on April 3, 2022, and is now in compliance with the Court's amended judgment; (2) he needs his Inmate Trust Account funds to communicate with his attorney; and (3) his changed economic circumstances warrant a reversal of the Fine. (*See* D.E. 71 at 1–3.) This Court considers the arguments in turn.

First, although Defendant is now in compliance with this Court's amended judgment, he waited more than 13 months to do so and admits that he was only "spurred into action by the Government['s] motion." (*Id.* at 2.) Defendant did not make timely payments despite the apparent ability to do so, did not file a timely brief in opposition to the Government's motion, and did not timely disclose his belated payment to this Court or to the Government. Accordingly, this Court finds that Defendant's late payment is not a sufficient reason to vacate the turnover order.

Second, Defendant argues that he needs his Inmate Trust Account funds to communicate with his attorney by mail and phone, although his attorney is able to visit him in person. (*See id.* at 2.) Notably, Defendant states that his funds have been unavailable to him ("encumbered") since the Government filed its motion on March 16, 2022. (*Id.*) However, Defendant's attorney has not submitted any letters, briefs, or motions to this Court disclosing restrictions on his ability to communicate with or zealously represent Defendant. Hence, this Court is not persuaded that the turnover of Defendant's funds will result in injustice or violate his constitutional rights.

Third, to the extent that Defendant asks this Court to reverse or cancel his Fine, this Court will deny his request because only the Government may petition the Court for such relief. *See United States v. Wynn*, 328 F. App'x 826, 828 (3d Cir. 2009) (explaining that a district court may reschedule installment payments but "[o]nly the government may petition for modification or remission of a fine") (citations omitted). This Court will therefore not reconsider its decision to order the turnover of funds in Defendant's BOP Inmate Trust Account.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Reconsideration will be denied. An appropriate order follows.

___/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties