UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

UNITED STATES OF AMERICA,
v.
ANKUR AGARWAL,
        DEFENDANT, pro se

CRIMINAL NUMBER:
2:19-cr-00770-SDW
RESPONSE TO GOVERNMENT'S
RESPONSE TO ORIGINAL MOTION

---

Hon. Judge Susan D. Wigenton:

Ankur Agarwal files a pro se response to the Government's response to Mr. Agarwal's Motion to Revise Fine Schedule of Payments (Doc #75), dated February 13, 2023 (Doc #76). Mr. Agarwal submits the following arguments: financial disclosure is not necessary to show "material change in economic circumstances."; no victim depends upon receiving the fine according to a payment schedule. Finally, Mr. Agarwal renews his motion to provide accounting of the fine obligation independent of the Motion to Revise Fine Schedule of Payments.

A. Financial disclosure not necessary

18 USC §3572(d)(3) requires showing "material change in the defendant's economic circumstances" before the court may, inter alia, "adjust the payment schedule." In the response, the Government argues Mr. Agarwal "makes unsupported assertions" and fails to show the material change in circumstances (see Doc #76, paragraph #8: "Specifically, nothing about saving for his children's education or care for his elderly mother can possibly be considered a change in circumstances."; also see Doc #76, paragraph #8: "... Defendant's suggestion that 'the financial burden of the appeal has weighed substantially' is directly contradicted by the fact that just barely a week after Defendant had exhausted his appeals, he made a ten thousand dollar ($10,000.00) payment towards his outstanding fine obligation.") The Government's analysis of Mr. Agarwal's "change in circumstances" is based upon his ability to make a one-time payment of $10,000. Apparently, recognizing the absence of information on which to base its analysis, the Government posits a Financial Disclosure will

clarify "his current financial status." The Government's analysis plainly ignores the considerations which Mr. Agarwal sets forth. Showing the "change in circumstances" can be arrived at by spelling out each consideration. Here are the considerations in Doc #75, §B. Change of Economic Circumstances: "He has no income, has depleted savings, and has taken on debt." The amount of income Mr. Agarwal will lose is based upon the length of imprisonment, as he has not received any income since incarceration. The amount of savings depleted is based upon attorney fees for appeal and other expenses. The amount of borrowing is derived from the amount of depleted savings. It is undisputed each of these considerations constitute a "material change in circumstances", whether the amounts are calculated roughly -- as Mr. Agarwal does above -- or in fine detail on a Financial Disclosure. The considerations were not self-induced and caused by the confluence of incarceration and legal fees. Mr. Agarwal argues he should not have to go further in debt to pay a criminal fine, especially when he expects the financial distress to be lifted upon release from prison. Repeating his statement in the motion (Doc #75), Mr. Agarwal will notify the Court should his economic circumstances change towards the upside, enabling him to pay the fine right away. Furthermore, the Government is not foreclosed from seeking Financial Disclosure through Probation. The Court Judgment orders Financial Disclosure as one of the conditions of Supervised Release (see Doc #50, page 3, "Financial Disclosure").

B. No victim dependent upon receiving the fine
Fines assessed under 18 USC §3572 are directed to be paid to a generalized fund rather to a specific victim. The ultimate manner in which the money is spent is not relevant to Mr. Agarwal's motion. However, the distinction between a specific victim and a generalized fund is. Since the fine has nothing to do with payment to a specific victim, no individual depends upon receiving the fine according to the existing schedule or a revised schedule. For the reason, the provisions in §3572(d) authorize the Court flexibility in modifying the schedule of payments. When the Court permitted payment in installments (Doc #59), it exercised the discretion to reschedule the fine payments. The Government did not oppose Mr. Agarwal's motion at that moment in time (Doc #58 dated

Nov 18, 2020), but does so at the present moment in time.

C. Accounting requested

Mr. Agarwal renews the motion to provide an accounting of the fine obligation (Doc #75, §E. Accounting Requested). Mr. Agarwal requests the Court decide the motion independent of the Motion to Revise Fine Schedule of Payments. Mr. Agarwal is unsure which organization is responsible for producing the accounting information and therefore which organization to make inquiries -- the Clerk of the Court or the US Attorney Asset Recovery Money Laundering Unit or another organization. Fine payments are made from at least 3 sources: BoP Financial Responsibility Program, pay.gov online system, and Court-ordered turnover from Inmate Trust Account. Are the payments collected in a single Payee account?

D. Conclusion

Based on the foregoing, Mr. Agarwal requests the Court deny Government's request for Financial Disclosure as over and beyond what is necessary to establish a "material change in circumstances." Mr. Agarwal requests the Court to grant the Motion to Revise Fine Schedule of Payments (Doc #75).

Respectfully submitted,

*/s/ Ankur Agarwal*

Ankur Agarwal
Reg #71563-050
FCI Ft. Dix
PO Box 2000
Joint Base MDL, NJ 08640

Dated:  February 26, 2023

## Certificate of Service

**Court Clerk**
United States District Court
District of New Jersey
Martin Luther King, Jr.
Federal Bldg and US Courthouse
50 Walnut Street
Room 4015
Newark, NJ 07102

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2023 MAR -7  A 11: 23

Certified Mail Number:
7019 0700 0001 1873 3760

**US Attorney's Office**
Jordan M. Anger, AUSA
970 Broad Street
Suite 700
Newark, NJ 07102

Respectfully submitted,

*(signature)*

Ankur Agarwal
Dated: January 23, 2023