

**U.S. Department of Justice**

United States Attorney

District of New Jersey

---

PHILIP SELLINGER  
UNITED STATES ATTORNEY

*Jordan M. Anger*  
*Assistant United States Attorney*

970 Broad Street, Suite 700  
Newark, New Jersey 07102  
jordan.anger@usdoj.gov

main: (973) 645-2700  
direct: (973) 645-2829  
fax:    (973) 645-3210

March 8, 2023

**VIA ECF**
The Honorable Susan D. Wigenton
United States District Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re: *United States v. Ankur Agarwal,*
    Criminal Number: 19-00770 (SDW)

Dear Judge Wigenton:

I am an Assistant United States Attorney assigned to the Asset Recovery Money Laundering Unit and I am responsible for the enforcement and collection of the Special Assessment and Fine that was ordered in the above-referenced case. The United States respectfully submits this letter in response to Defendant Ankur Agarwal's Response to the Government's Response to Original Motion dated February 26, 2023 (ECF# 78) ("Resp.").[1]

Because the Court has already denied Defendant's motion without prejudice on February 23, 2023 (ECF #77), the United States is treating Defendant's Response as a motion for reconsideration. For the reasons provided below, the Government respectfully requests that the Court deny Defendant's motion for reconsideration. Defendant's Response raises three points, the Government will address each point in order.

First, in Point A. Defendant argues that "[f]inancial disclosure [is] not necessary." Resp. at 1-2. In support, he reiterates the averments made in his prior

---

[1] The Response was received by the Clerk of the Court and posted to ECF on March 7, 2023, although the certificate of service is dated January 23, 2023. *See* Resp. at 4.

motion, provides the Government's responses to those averments and then adds a few similar averments (e.g., "savings depleted," "amount of income" lost, and "amount of borrowing"). Resp. at 2. But Defendant fails to recognize that all of these averments – old and new – suffer from the same defect, namely a lack of documentary proof as to the accuracy of these averments. Did Defendant borrow money? From whom? How much? The answers to all of these questions, and many others, can be provided by the completion of the already-provided Financial Disclosure Form. Instead of the Court and Government being asked to trust Defendant's averments at face value, his completion of the Financial Disclosure Form will allow everyone to operate on a level playing field. Further, Defendant has not even argued that completion of the Financial Disclosure Form will prejudice him in any way. As a result, this argument does not support Defendant's motion for reconsideration.

Second, in Point B, Defendant appears to argue that because the judgment against him calls for payment of a fine, as opposed to restitution, that somehow alters the analysis of either his ability to pay or the need for him to make the scheduled payments. Resp. at 2-3. The Government finds no support for this argument in the statute, the Court's original judgment[2] or any precedent. If Defendant is unable to make the Court-ordered payments (regardless of the nature of the judgment), then that will be demonstrated by his completed Financial Disclosure Form. This argument also provides no support for Defendant's position.

Third, in Point C, Defendant "renews the motion to provide an accounting." Resp. at 3. As an initial matter, Defendant does make clear why he needs this information because he is certainly aware of the amount provided for in his judgment as well as each and every payment that he has made. As a result, it begs the question as to why he is asking for a formal "accounting" of these payments. He does not suggest any discrepancy exists between his payments and the Government's receipt of those payments.

That said, the Government has no objection to Defendant reviewing his past payments. As the Court is aware, Clerk of the Court maintains these records in its "OPERA" system. Therefore, should the Court decide it is appropriate, the Government does not object to an Order requiring the Clerk of the Court to provide Defendant with a current printout from its OPERA system.

Based on the foregoing, the United States respectfully requests that the Court deny Defendant's motion for reconsideration.

---

[2] The Court's judgment ordered that the fine and special assessment were "due immediately." ECF #50.

Respectfully submitted,

PHILIP SELLINGER  
United States Attorney

By:  *s/ Jordan M. Anger*  
     JORDAN M. ANGER  
     Assistant United States Attorney

## CERTIFICATE OF MAILING

I hereby certify that on March 8, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Samuel M. Braverman

In addition, I hereby certify that these documents were mailed, via Certified Mail, to the following non-CM/ECF participant:

Defendant:  
Ankur Agarwal  
Register Number: 71563-050  
Federal Correctional Institution – Fort Dix Satellite Camp  
P.O. Box 2000  
Joint Base MDL, New Jersey 08640

By:  *s/ Jordan M. Anger*  
     JORDAN M. ANGER  
     Assistant United States Attorney