**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANKUR AGARWAL,<br><br>Defendant. | Criminal Action No. 19-770 (SDW)<br><br>**WHEREAS OPINION**<br><br>March 13, 2023 |

**THIS MATTER** having come before this Court upon Defendant Ankur Agarwal's *pro se* response (D.E. 78) to the Government's opposition (D.E. 76) to Defendant's Motion to Revise Fine Schedule of Payments (D.E. 75), and this Court having already denied Defendant's Motion to Revise Fine Schedule of Payments on February 23, 2023 (D.E. 77), before the instant response was filed,[1] this Court will treat Defendant's *pro se* response (D.E. 78), as a Motion for Reconsideration under Local Civil Rule 7.1(i); and

**WHEREAS** a party moving for reconsideration of an order of this Court must file its motion within fourteen (14) days after the entry of that order and set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked."  L. Civ. R. 7.1(i). Motions for reconsideration are "extremely limited procedural vehicle(s)" which are to be granted "very sparingly."  *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013) (quotation marks omitted).  They may only be granted if the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not

---

[1] Defendant's response is dated February 26, 2023, and it was received by this Court on March 7, 2023.  (D.E. 78 at 3.)

available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (quotation marks and italics omitted).  Mere disagreement with a court's decision is not an appropriate basis upon which to bring a motion for reconsideration as such disagreement should "be raised through the appellate process." *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999); and

      **WHEREAS** this Court's September 3, 2020 Judgment ordered Defendant to pay a fine of $25,000.00 plus interest, due immediately.  (D.E. 50 at 7.)  On November 19, 2020, upon Defendant's unopposed motion, this Court amended the judgment to allow Defendant to pay his Fine in five annual installments of $5,000.00, commencing on February 1, 2021.  (D.E. 58, 59.); and

      **WHEREAS**, on February 6, 2023, Defendant filed a Motion to Revise Fine Schedule of Payments, seeking for a second time to modify the schedule for payment of his Fine (D.E. 75).  The Government opposed this motion, arguing that it should be denied without prejudice because Defendant had not demonstrated a material change in his economic circumstances.  (D.E. 76.)[2]  The Government provided Defendant with a Financial Disclosure Form and requested that he fill it out so that the Government could assess his financial status and consider whether it would agree to a revised payment schedule.  (*Id*. at 3.)  On February 23, this Court denied Defendant's motion without prejudice to Defendant renewing the motion after he "complete[d] the Financial Disclosure Form provided by the Government and attach[ed] all necessary supporting documents" (D.E. 77.); and

---

[2] Pursuant to 18 U.S.C. § 3572(d)(3), this Court may adjust the payment schedule for a judgment imposing a fine to be paid in installments, upon receipt of "notice" from a defendant of "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine[] . . . as the interests of justice require."  18 U.S.C. § 3572(d)(3).

**WHEREAS** Defendant's Motion for Reconsideration (D.E. 78) fails to identify any intervening change in the relevant law, new evidence that was unavailable at the time this Court entered its Order (D.E. 77), or an error of fact or law that, if left uncorrected, would result in manifest injustice.  The assertions regarding Defendant's changed economic circumstances in his Motion to Reconsider (D.E. 78 at 1–2) are the same as those raised in his initial Motion (D.E. 75). Thus, there is no basis for reconsideration of this Court's Order denying the Motion to Revise Fine Schedule of Payments without prejudice (D.E. 77); and

**WHEREAS** Defendant's Motion for Reconsideration also renews his request for the Government to provide him with an "accounting of his fine obligation." (D.E. 75 at 3; 78 at 3.) The Government does not object to Defendant being allowed to review the official records of his payments. (D.E. 79 at 2.) This Court also has no objection to Defendant obtaining these records, and he is free to request them from the Finance Department of this Court; therefore,

Plaintiff's Motions for Reconsideration will be **DENIED**.  An appropriate order follows.

                                                             /s/ Susan D. Wigenton
                                       **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties